ZIEGLER et al., Appellants,

v.

MAHONING COUNTY SHERIFF'S DEPARTMENT et al., Appellees.

[Cite as *Ziegler v. Mahoning Cty. Sheriff's Dept.* (2000), 137 Ohio App.3d 831.]

Court of Appeals of Ohio,
Seventh District, Mahoning County.

No. 99 CA 189.

Decided June 2, 2000.

WAITE, Judge.

This timely appeal arises from the decision of the Mahoning County Court of Common Pleas as reflected in two judgment entries dismissing the complaints filed against Austintown Township, Austintown Township Police Department, Mahoning County, Mahoning County Sheriff's Department, Boardman Township, Boardman Township Police Department and two John Doe defendants pursuant to Civ.R. 12(B)(6). For all of the following reasons, this court affirms the judgment of the trial court.

As this appeal stems from the dismissal of appellants' claims based on a Civ.R. 12(B)(6) motion, the facts which follow are gleaned from appellants' complaint and will be accepted as true. *Perez v. Cleveland* (1993), 66 Ohio St.3d 397, 613 N.E.2d 199.

Sometime prior to May 24, 1997, the Boardman Police Department arrested a woman by the name of Gail Kurian on theft charges. At the time of the arrest, Kurian identified herself as Darla Ziegler ("appellant") and gave the police appellant's address and social security number as her own. Essentially, Kurian assumed appellant's identity. The case against Kurian, therefore, included appellant's name and social security number rather than Kurian's.

Kurian, still using appellant's name, was convicted and sentenced, and subsequently violated the terms of her probation. Thus, because Kurian had assumed

appellant's identity, a warrant for the arrest of Darla Ziegler was issued. On May 24, 1997, the Austintown Police arrested appellant. She was taken into custody and transported to the Austintown Police Department, where she remained before being transported to the Mahoning County Justice Center by one or more Mahoning County sheriff's deputies. Throughout this ordeal, appellant protested her innocence, contending that the officers involved had arrested the wrong person. Appellant argued that she had never been convicted of a crime and that the police should check their records, where they would find that appellant was not the woman they were seeking. Appellant remained incarcerated until May 28, 1997, at which time she was released and all charges were dropped.

On May 26, 1998, appellant filed two complaints in the Mahoning County Court of Common pleas alleging false arrest and false imprisonment. The first complaint, 98–CV–1229, named the Mahoning County Sheriff's Department, the Austintown Police Department, and Gail Kurian as defendants and included a loss-of-companionship claim on behalf of Mr. Ziegler. The second complaint, 98–CV–1230, named the city of Austintown, the Austintown Police Department, Boardman Township, the Boardman Township Police Department, Mahoning County, and two John Doe police officers as defendants. On July 29, 1998, the trial court consolidated both cases pursuant to a joint motion filed by the named defendants ("appellees").

After the resolution of a number of procedural matters not relevant to the instant appeal, the trial court granted the motions to dismiss previously filed on behalf of appellees. These motions asserted that sovereign immunity was a bar to appellants' cause of action. It is this judgment dismissing the complaint(s) which forms the basis for the present appeal.

In their brief to this court, appellants present two assignments of error, which provide as follows:

"I. The trial court erred in granting appellees' motions to dismiss when there was evidence of disputed material facts."

"II. The trial court abused its discretion when it granted defendant–appellees' motion to dismiss."

As both of these assignments of error challenge the propriety of the trial court's granting of the motions to dismiss on the basis of sovereign immunity, this court shall address them simultaneously.

In order for a court to grant a Civ.R. 12(B)(6) motion to dismiss for failure to state a claim for which relief may be granted, it must appear, "beyond doubt that the plaintiff can prove no set of facts in support of her claim which would entitle her to relief." *O'Brien v. Univ. Community Tenants Union, Inc.* (1975), 42 Ohio

St.2d 242, 245, 71 O.O.2d 223, 224–225, 327 N.E.2d 753, 755, In ruling on the motion to dismiss, the court must accept all of the allegations in the complaint as true and all reasonable inferences must be drawn in favor of the complainant. *Byrd v. Faber* (1991), 57 Ohio St.3d 56, 60, 565 N.E.2d 584, 588–589; see also, *Perez, supra.*

As the trial court's dismissal of appellants' complaint was predicated upon the applicability of sovereign immunity as codified in R.C. Chapter 2744, the Political Subdivision Tort Liability Act, our analysis of the issues presented for appeal must begin with a determination as to whether appellees may benefit from the immunities afforded by that chapter. Based on the allegations in the complaint and an analysis of political subdivision sovereign immunity, we must answer that question in the affirmative.

R.C. 2744.02(A)(1) articulates the basic premise of sovereign immunity as it applies to political subdivisions. That statutory section provides as follows:

"For the purposes of this chapter, the functions of political subdivisions are hereby classified as governmental functions and proprietary functions. Except as provided in division (B) of this section, a political subdivision is not liable in damages in a civil action for injury, death, or loss to a person or property allegedly caused by any act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function."

Even a cursory review of this statutory section reveals that a political subdivision, as a general proposition, is immune from liability for its acts and the acts of its employees unless one of the exceptions codified in R.C. 2744.02(B) applies. That section provides:

"(2) Except as otherwise provided in section 3746.24 of the Revised Code, political subdivisions are liable for injury, death or loss to person or property caused by the negligent performance of acts by their employees with respect to proprietary functions of the political subdivision.

" * * *

"(4) Except as otherwise provided in section 3746.24 of the Revised Code, political subdivisions are liable for injury, death or loss to person or property that is caused by the negligence of their employees and that occurs within or on the grounds of buildings that are used in connection with the performance of a governmental function, including but not limited to, office buildings and courthouses, but not including jails, places of juvenile detention, workhouses, or any other detention facility, as defined in section 2921.01 of the Revised Code."

In addition, if one of the above-referenced exceptions applies which would serve to remove the blanket of immunity from a political subdivision, R.C. 2744.03 provides various defenses the political subdivision may raise. This section states:

"(A) In a civil action brought against a political subdivision or an employee of a political subdivision to recover damages for injury, death, or loss to persons or property allegedly caused by any act or omission in connection with a governmental or proprietary function, the following defenses or immunities may be asserted to establish nonliability;

" * * *

"(6) In addition to any immunity or defense referred to in division (A)(7) of this section and in circumstances not covered by that division or sections 3314.07 and 3746.24 of the Revised Code, the employee is immune from liability unless one of the following applies:

"(b) The employee's acts or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner."

 With the framework for sovereign immunity set forth, it is clear that in order to determine whether a political subdivision is entitled to immunity from liability, a three-tiered analysis must be employed. First, R.C. 2744.02(A) grants broad immunity to the political subdivision. Second, it must be determined whether any of the five specific exceptions listed in R.C. 2744.02(B) apply to remove the immunity provided by statute. Third, if one of the five enumerated exceptions do apply, we must then look at R.C. 2744.03(A) in order to determine whether any of the defenses provided in that section apply to "revive" the immunity. *Abdalla v. Olexia* (Oct. 6, 1999), Jefferson App. No. 97–JE–43, unreported, 1999 WL 803592.

Turning now to the merits of appellants' argument, this court notes that appellants concede that appellees and the John Doe defendants are political subdivisions and/or the employees of political subdivisions. Therefore, all parties agree that R.C. Chapter 2744, applies. Appellants maintain, however, that their complaint alleges malice, bad faith and recklessness on the part of appellees as defined in R.C. 2744.03(A)(6)(b). Accordingly, appellants' argument continues, their complaint should be construed so as to allege an exception to the grant of immunity which precludes a dismissal under Civ.R. 12(B)(6).

Appellants seek to pierce the blanket of immunity enjoyed by appellees by arguing that R.C. 2744.03 operates to provide additional exceptions to the rule of immunity. Appellants' argument is unpersuasive and illustrates a fundamental misunderstanding of the three-tiered statutory scheme governing sovereign immunity.

 Appellants appear to properly concede that the actions of a police department are governmental as opposed to proprietary in nature. Therefore the immunity provided by R.C. 2744.02(A) applies. See *Whitler v. McFaul* (1997), 123 Ohio App.3d 199, 203, 703 N.E.2d 866. The only means of defeating

the immunity enjoyed by appellees is to demonstrate that an exception under R.C. 2744.02(B)(1) through (5) applies. Appellants misread R.C. 2744.03 in their attempt to establish liability because it is settled in Ohio that R.C. 2744.03 merely provides defenses to liability in the event that an exception to immunity under R.C. 2744.02(B) applies. This action may not be used to establish liability in and of itself. *Cater v. Cleveland* (1998), 83 Ohio St.3d 24, 32, 697 N.E.2d 610, 617–618. As this court has recently observed:

"The defenses and immunities found in R.C. 2744.03 * * * do not come into play until after it is proven that a specific exception to general immunity applies under R.C. 2744.02(B). Thus, Appellant is mistaken in those R.C. 2744.03 arguments that are used to try to impose liability in this manner. Appellant must first establish an exception to immunity under R.C. 2744.02(B)(2). This he has failed to do." (Citation omitted.) *Abdalla, supra.*

■ As in *Abdalla*, appellants have failed to demonstrate the applicability of any exception under R.C. 2744.02(B) that would remove the blanket of immunity that appellees, as political subdivisions and their employees acting within the scope of that employment, enjoy. Therefore, the defenses and immunities codified in R.C. 2744.03 do not apply. *Cater, supra.* Indeed, the entire premise which forms the basis of appellants' cause of action is based on allegations of false arrest and false imprisonment. The express language of R.C. 2744.02(B)(4), however, clearly provides that the exceptions to immunity listed in that subsection do not apply to injuries or loss sustained in, "jails, places of juvenile detention, workhouses, or any other detention facility, as defined in section 2921.01 of the Revised Code." *Id.*

■ This court next turns its attention to appellants' argument that appellees are liable for the alleged intentional torts of its employees, the two John Doe defendants who are presumably unnamed police officers from the Austintown Police Department, and that the dismissal of the complaint against the unnamed defendants in their *individual* capacity was improper. Appellants' position is flawed for two reasons. First, as this court noted in *Abdalla, supra:*

"R.C. 2744.02(B) contains no specific exceptions for intentional torts and an intentional tort occurs outside of the employment relationship and does not arise from such a relationship."

Therefore, appellants' attempt to hold the appellee political subdivisions liable solely on the basis of the alleged intentional torts of the unnamed appellee police officers lacks merit. See also, *Wilson v. Stark Cty. Dept. of Human Serv.* (1994), 70 Ohio St.3d 450, 639 N.E.2d 105 (no exceptions to immunity for the intentional torts of fraud and intentional infliction of emotional distress).

■ Secondly, appellants' claims against the two unnamed police officers in their individual capacities were properly dismissed as being procedurally defec-

tive. Civ.R. 15(D) provides a mechanism for filing a complaint using fictitiously named defendants which requires a plaintiff to later amend his or her complaint to reflect the correct identities of the defendants. Civ.R. 15(D) must be read in conjunction with Civ.R. 3(A). *Amerine v. Haughton Elevator Co.* (1989), 42 Ohio St.3d 57, 537 N.E.2d 208. Civ.R. 3(A) provides that a civil action is commenced by filing the complaint and obtaining service upon the defendant within one year of the complaint being filed.

The complaint filed by appellant under case number 98–CV–1230 naming the John Does as unidentified defendants was filed on May 27,1998. The trial court dismissed the complaint on June 15, 1999. Thus, pursuant to the guidance of *Amerine* explaining the interplay between Civ.R. 15(D) and 3(A), appellants had until May 27, 1999, to ascertain the identity of the John Doe defendants and obtain personal service on them. To date, these defendants have not been identified nor is there any evidence in the record to indicate that appellant ever attempted service of process on them. Appellants, therefore, never availed themselves of the procedural protections provided by Civ.R. 15(D) nor did they comply with the one-year service-of process-requirement contained in Civ.R. 3(A). As the John Doe defendants were not personally served within one year, a civil action was never commenced against them and the trial court properly dismissed the complaint. Appellants did not file a reply brief as allowed under App.R. 16(C) and their merit brief to this court does not address this fatal procedural defect.

By way of summary, this court holds that appellants failed to demonstrate the applicability of one of the five exceptions under R.C. 2744.02(B) to the general grant of immunity from liability provided by statute to political subdivisions and their employees. Appellants may not utilize the defenses and immunities codified in R.C. Chapter 2744.03 as a means to circumvent this blanket immunity, and appellants' failure to timely ascertain the identity of the John Doe defendants and obtain service of process on them required the trial court to dismiss the complaint as to them. While it is unfortunate that appellant, Darla Ziegler, spent approximately four days in custody for crimes which she indisputably did not commit, it appears that the primary cause of her incarceration was the usurpation of her identity by Kurian. In any event, the sovereign immunity act does not allow her to pursue her claims against the governmental entities.

As we can find no merit in either of appellants' two assignments of error, each is accordingly overruled and the judgment of the Mahoning County Court of Common Pleas is hereby affirmed.

*Judgment affirmed.*

Cox, P.J., and Vukovich, J., concur.