JOURNAL ENTRY AND OPINION
Plaintiff-appellant, Samuel L. Buoscio, pro se, appeals the judgment of the Cuyahoga Court of Common Pleas granting the motion for summary judgment of defendant-appellee, Gerald T. McFaul, Cuyahoga County Sheriff,[1] and denying appellant's motion for summary judgment. Appellant contends that the trial court erred because there are genuine issues of material fact that preclude summary judgment in favor of appellee.
On November 23, 1999, appellant refiled his complaint in this matter.[2] Appellant's complaint alleged that on June 6, 1999, he was transferred to the Cuyahoga County Jail. At that time, his personal property was inventoried by a property officer of the Cuyahoga County Sheriff's Department and listed on a Personal Property Inventory list. Included on the inventory list of appellant's property was a watch, described as white metal. Appellant signed and dated the inventory list, acknowledging that the property record was accurate. According to appellant's complaint, his property, including his watch, was then packed into his briefcase. The briefcase was then placed in a plastic bag, which was tied shut and tagged.
Appellant's complaint alleged that when he was transferred from the Cuyahoga County Jail on July 6, 1999, he was asked to again sign and date the inventory list to acknowledge that all of his personal property had been returned to him. Appellant's complaint alleged that he was unable to check his personal property to ascertain whether it was all accounted for prior to signing the list, however, because his property had already been packed in the transport van. Accordingly, appellant signed the inventory list but wrote unchecked above his signature.
According to appellant's complaint, his personal property was given to him upon his arrival at the Mansfield Correctional Institution. Appellant observed that the plastic bag containing his briefcase had been opened and subsequently retied shut. Upon checking the contents of the briefcase, appellant discovered that his watch was missing.
Attached to appellant's complaint was a copy of a letter dated July 12, 1999, from appellant to the Cuyahoga County Sheriff's Department, in which appellant reported that his watch had been stolen while he was at the Cuyahoga County Jail.
Also attached to appellant's complaint was a copy of a letter dated July 31, 1986 to appellant from James E. Modarelli, a jeweler at Objects D'Art jewelry store. The letter stated that as of that date, the appraised value of appellant's fourteen-karat yellow-gold Longines watch was $5,000. Appellant's complaint asserted that the band on the watch had subsequently been replaced with a fourteen-karat white-gold band and requested damages of $5,000, the alleged value of the watch.
Both parties subsequently filed motions for summary judgment with the trial court. On October 5, 2000, the trial court, without opinion, granted appellee's motion for summary judgment and denied appellant's motion for summary judgment. Appellant timely appealed, raising one assignment of error:
 WHETHER THE CUYAHOGA COUNTY COMMON PLEAS COURT ERRED AND/OR ABUSED ITS DISCRETION IN DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT.
This court reviews the trial court's judgment regarding a motion for summary judgment de novo and uses the same standard that the trial court applies under Civ.R. 56(C). See Renner v. Derin Acquisition Corp. (1996),111 Ohio App.3d 325, 333; N. Coast Cable L.P. Hanneman (1994),98 Ohio App.3d 434, 440.
Summary judgment is appropriate when: 1) there is no genuine issue of material fact, 2) the moving party is entitled to judgment as a matter of law, and 3) after construing the evidence most favorably for the party against whom the motion is made, reasonable minds can reach only a conclusion that is adverse to the nonmoving party. Zivich v. Mentor Soccer Club, Inc. (1998), 82 Ohio St.3d 367, 369-370; Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327. To obtain a summary judgment under Civ.R. 56(C), the moving party bears the initial responsibility of informing the court of the basis for the motion and identifying those portions of the record which support the requested judgment. Vahila v. Hall (1997), 77 Ohio St.3d 421, 430. If the moving party discharges this initial burden, the party against whom the motion is made then bears a reciprocal burden of specificity to oppose the motion. Id. See, also, Mitseff v. Wheeler (1988), 38 Ohio St.3d 112.
In his motion for summary judgment, appellee argued that appellant's complaint was statutorily defective and should be dismissed because appellant had not complied with the mandatory requirements of R.C.2969.25.
R.C. 2969.25(A) provides, in pertinent part:
 At the time that an inmate commences a civil action or appeal against a government entity or employee, the inmate shall file with the court an affidavit that contains a description of each civil action or appeal of a civil action that the inmate has filed in the previous five years in any state or federal court. The affidavit shall include all of the following for each of those civil actions or appeals:
 (1) A brief description of the nature of the civil action or appeal;
 (2) The case name, case number, and the court in which the civil action or appeal was brought;
 (3) The name of each party to the civil action or appeal;
 (4) The outcome of the civil action or appeal, including whether the court dismissed the civil action or appeal as frivolous or malicious under state or federal law or rule of court, whether the court made an award against the inmate or the inmate's counsel of record for frivolous conduct under section 2323.51 of the Revised Code, another statute, or a rule of court, and, if the court so dismissed the action or appeal or made an award of that nature, the date of the final order affirming the dismissal or award.
The requirements of R.C. 2969.25 are mandatory. Failure to comply with R.C. 2969.25 is cause for dismissal. State ex rel. Zanders v. Ohio Parole Bd. (1998), 82 Ohio St.3d 421; State ex rel. Alford v. Winters (1997), 80 Ohio St.3d 285.
Appellant did not file an affidavit pursuant to R.C. 2969.25 with his complaint. Appellee then filed a motion to dismiss for appellant's failure to comply with the statute. The trial court denied appellee's motion to dismiss but ordered appellant to file the required affidavit. On April 27, 2000, appellant filed a notarized affidavit which stated:
 The following are civil actions and appeals filed by the plaintiff in the past five years:
Mahoning County Court of Common Pleas:
 Buoscio v. Attorney Harry Robert Reinhart Case No: 99-CV-02649
 Buoscio v. Jackson National Life Ins. Co. Case No: 98-CV-01164
 That there were some other civil actions and appeals filed in the past five years in Mahoning County and to the best of my knowledge and recollection I do not recall the case numbers and names of the cases and appeals.
Cuyahoga County Court of Common Pleas:
 Buoscio v. Attorney Charles W. Kinkopf Court of Appeals Cuyahoga County Case No. 76842
 Buoscio v. The Estate of Francois A. McKanze Case No. 403165, Cuyahoga County Probate Division
 Buoscio v. Attorney John J. Gill, Case No. 405624, Cuyahoga County Court of Common Pleas
 That there were some other civil actions and appeals filed in the past five years in Cuyahoga County and to the best of my knowledge and recollection I do not recall the case numbers and name of the case and appeals.
Appellant's affidavit clearly fails to comply with the mandatory requirements of R.C. 2969.25. Although it lists several cases filed by appellant in the last five years, it does not contain, as required, a description of the nature of the case or a statement regarding the outcome of each case. Moreover, appellant acknowledges in his affidavit that although he filed other cases, they are not listed in his affidavit. Because appellant did not comply with the mandatory requirements of R.C. 2969.25, the trial court did not err in granting appellee's motion for summary judgment and dismissing appellant's complaint.
The trial court also properly granted appellee's motion for summary judgment because appellee (and any other possible defendants in this action; see footnote 1) are immune from liability pursuant to the doctrine of sovereign immunity, as codified in R.C. Chapter 2744, the Political Subdivision Tort Liability Act.
R.C. 2744.02(A)(1) sets forth the general rule of immunity as it applies to political subdivisions. That section provides:
 For the purposes of this chapter, the functions of political subdivisions are hereby classified as governmental functions and proprietary functions. Except as provided in division (B) of this section, a political subdivision is not liable in damages in a civil action for injury, death, or loss to a person or property allegedly caused by an act or omission of the political subdivision in connection with a governmental or proprietary function.
Thus, a political subdivision is immune from liability for its acts and the acts of its employees unless one of the exceptions codified in R.C.2744.02(B) applies. That section provides, in relevant part:
 (B) * * * [A] political subdivision is liable in damages in a civil action for injury, death, or loss to persons or property allegedly caused by an act or omission of the political subdivision or any of its employees in connection with a governmental or proprietary function, as follows:
 (1) * * * for injury, death, or loss to persons or property caused by the negligent operation of any motor vehicle by their employees upon the public roads, highways, or streets when the employees are engaged within the scope of their employment and authority. * * *
 (2) * * * for injury, death or loss to persons or property caused by the negligent performance of acts by their employees with respect to proprietary functions of the political subdivisions.
 (3) * * * for injury, death or loss to persons or property caused by their failure to keep public roads, highways, streets, avenues, alleys, sidewalks, bridges, aqueducts, viaducts, or public grounds within the political subdivisions open, in repair, and free from nuisance * * *.
 (4) * * * for injury, death, or loss to persons or property that is caused by the negligence of their employees and that occurs within or on the grounds of buildings that are used in connection with the performance of a governmental function, including, but not limited to, office buildings and courthouses, but not including jails, places of juvenile detention, workhouses, or any other detention facility, as defined in section 2921.01 of the Revised Code. (Emphasis added.)
 (5) * * * for injury, death, or loss to persons or property when liability is expressly imposed upon the political subdivision by a section of the Revised Code * * *.
Should one of the exceptions set forth in R.C. 2744.02(B) apply, thereby removing the shield of blanket immunity, R.C. 2744.03 provides various defenses the political subdivision may raise to reinstate immunity. This section states, in relevant part:
 (A) In a civil action brought against a political subdivision or an employee of a political subdivision to recover damages for injury, death, or loss to persons or property allegedly caused by any act or omission in connection with a governmental or proprietary function, the following defenses or immunities may be asserted to establish nonliability:
* * *
 (6) * * * [An] employee is immune from liability unless one of the following applies:
 (a) His acts or omissions were manifestly outside the scope of his employment or official responsibilities;
 (b) His acts or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner;
 (c) Liability is expressly imposed upon the employee by a section of the Revised Code.
R.C. 2744.02(A)(6).
It is apparent from this statutory framework that a three-tiered analysis is necessary to determine whether a political subdivision is entitled to immunity from liability. First, R.C. 2744.02(A) grants broad immunity to the political subdivision. Second, it must be determined whether any of the five specific exceptions listed in R.C. 2744.02(B) apply to remove the immunity provided by statute. Third, if one of the five enumerated exceptions to immunity apply, it must be determined whether any of the defense provided in R.C. 2744.03(A) apply to revive the immunity. Ziegler v. Mahoning Cty. Sheriff's Dept. (2000),137 Ohio App.3d 831, 835.
As defined by R.C. 2744.01(F),[3] the Cuyahoga County Sheriff's Department is a political subdivision. R.C. 2744.01(C)(2)(h) provides that the operation of a jail or other detention facility is a governmental, rather than a proprietary, function. Accordingly, the blanket immunity conferred by R.C. 2744.02(A) applies to the Sheriff's Department and its employees.
None of the five exceptions contained in R.C. 2744.02(B) apply in this case to remove the blanket immunity. The premise of appellant's cause of action was that the defendant(s) direct failure of the use of due care in the storing, packing and handling of the plaintiff's property, i.e., negligence, resulted in the theft of his watch.[4] The express language of R.C. 2744.02(B)(4), the only exception that might possibly apply to the facts of this case, specifically provides, however, that the exception to immunity for loss to persons or property that is caused by the negligence of employees [of a political subdivision] and that occurs within or on the grounds of buildings that are used in connection with the performance of a governmental function is not applicable to injuries or losses sustained in jails, places of juvenile detention, workhouses, or any other detention facility. Accordingly, no exception to the broad grant of sovereign immunity applies.
Finally, because no exception to immunity applies, the defenses and immunities set forth in R.C. 2744.03 do not come into play. Cater v. City of Cleveland (1998), 83 Ohio St.3d 24, 32; Hill v. Urbana (1997),79 Ohio St.3d 130.
With respect to appellant's claims against the Sheriff or any other employees of the Sheriff's Department as individual employees, we note that under R.C. 2744.03, in addition to the blanket immunity enjoyed by the political subdivision and any employees acting within the scope of their employment, an individual employee is granted immunity in performing a governmental function unless: 1) his or her acts or omissions were manifestly outside the scope of employment or official responsibilities; 2) his or her acts or omissions were with malicious purpose, in bad faith, or conducted in a wanton or reckless manner; or 3) liability is expressly imposed upon the employee by the Revised Code. R.C. 2744.03(A)(6). Here, appellant did not present any evidence from which reasonable minds could find that the Sheriff or any other employee of the Sheriff's Department acted outside of the scope of his or her employment, with a malicious purpose, in bad faith or in a wanton or reckless manner. Accordingly, the exception to immunity found within R.C. 2744.03(A)(6) is not applicable.
Appellant having failed to demonstrate the applicability of any exception which would remove the blanket immunity that the Sheriff's Department and its employees enjoy, the trial court properly granted appellee's motion for summary judgment on the basis of sovereign immunity.
Appellant's assignment of error is therefore overruled.
It is ordered that appellee recover of appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 ______________________________________ TIMOTHY E. McMONAGLE, PRESIDING JUDGE:
FRANK D. CELEBREZZE, JR., J. and JAMES J. SWEENEY, J., CONCUR.
[1] It is not clear who the actual defendant(s) in this action are. Appellant's complaint listed the defendant's (sic), plural, as Cuyahoga County Sheriff Department in charge of the Cuyahoga County Jail, singular. The complaint was served by certified mail on the Sheriff's Department. The state, however, subsequently filed a motion to dismiss, motion to strike, or, in the alternative, motion for more definite statement on behalf of Defendant Cuyahoga County Sheriff. In his counterclaim (sic) for summary judgment, however, the sheriff stated, Plaintiff's complaint is brought as either a claim against the Sheriff, the Office of the Sheriff, or his employees * * *. Significantly, regardless of who the actual defendant(s) are, no defendant filed an answer to appellant's complaint.
[2] Appellant voluntarily dismissed his original complaint pursuant to Civ.R. 41(A). See Buoscio v. Cuyahoga County Sheriff, Cuyahoga Common Pleas No. 389042.
[3] A political subdivision is a municipal corporation, township, county, school district, or other body corporate and politic responsible for governmental activities in a geographic area smaller than that of the state. R.C. 2744.01(F).
[4] Although appellant's complaint did not denominate his cause of action as negligence, appellant's motion for summary judgment filed in the trial court and his brief on appeal make it clear that he is asserting negligence in the care and handling of his property.