OPINION AND JOURNAL ENTRY
{¶ 1} This matter comes before us on a timely motion for reconsideration filed by Appellant, Lisa Walker. Appellees, the Jefferson County Board of County Commissioners, Elizabeth Ferron, and Brenda Cybulski, have filed a response in opposition. Lisa asks that we reconsider our decision made in the case styled Walker v. Jefferson Cty.Bd. Of Commrs., 7th Dist. No. 02 JE 14, 2003-Ohio-3490. Because our opinion on the merits does not contain any obvious error and we gave full consideration to each of Lisa's arguments in that opinion, we deny this application for reconsideration.
 {¶ 2} Pursuant to App.R. 26(A), a party may file an application for reconsideration of an appellate court decision. The standard for reviewing such an application is whether the application "calls to the attention of the court an obvious error in its decision or raises an issue for our consideration that was either not considered at all or was not fully considered by us when it should have been." Columbus v. Hodge
(1987), 37 Ohio App.3d 68, paragraph one of the syllabus.
 {¶ 3} "An application for reconsideration is not designed for use in instances where a party simply disagrees with the conclusions reached and the logic used by an appellate court. App.R. 26 provides a mechanism by which a party may prevent miscarriages of justice that could arise when an appellate court makes an obvious error or renders an unsupportable decision under the law." State v. Owens (1996),112 Ohio App.3d 334, 336.
 {¶ 4} In our opinion, we addressed whether the trial court's decision that the defendants were immune from suit under R.C. Chapter 2744, the Political Subdivision Tort Liability Act was error. We noted that in order to recover under the Act, a plaintiff must demonstrate, inter alia, that one of the five exceptions to immunity found in R.C.2744.02(B) apply. Lisa failed to argue before the trial court that any of those exceptions applied even though Appellees raised this issue in the trial court. Relying on Ziegler v. Mahoning Cty. Sheriff's Dept. (2000),137 Ohio App.3d 831, we concluded that since Lisa failed to argue any of the exceptions applied, she is prevented from recovering against those protected by the Act. Lisa now asks this court to reconsider our decision, arguing that Zeigler does not apply in this case. She argues it is distinguishable since the trial court in this case addressed the applicability of those exceptions even though Lisa did not argue that any of them applied.
 {¶ 5} Lisa's argument demonstrates that she simply disagrees with our conclusion. She believes the fact that the trial court addressed the five exceptions found in R.C. 2744.02(B) rectifies her failure to argue which of those exceptions apply, but she does not cite any authority which would indicate that our application of Ziegler in this case is unsupportable under the law. As we stated in our opinion, we do not believe the trial court's gratuitous act when it analyzed that portion of the statute cures her failure to argue which exception, if any, applied. Lisa has failed to demonstrate an obvious error in our opinion.
 {¶ 6} Accordingly, Lisa's motion for reconsideration is denied.
Donofrio, J., concurs.
Vukovich, J., concurs.
DeGenaro, J., concurs.