OPINION *Page 2 
{¶ 1} Plaintiffs-Appellants Jane Doe, et al. appeal the July 26, 2006 Judgment Entry entered by the Stark County Court of Common Pleas, which overruled Appellants' motion for summary judgment and granted Defendants-Appellees Massillon City School District, et al's motion for summary judgment.
 STATEMENT OF THE FACTS AND CASE[1] {¶ 2} In 1997, Wuyanbu Zutali, founder of the Stark County Chess Federation, approached Judith Kenny, the principal of Franklin Elementary School, to inquire as to whether the school would be interested in offering its students an opportunity to learn and play chess after school. Kenny believed such would be beneficial to the students. Zutali assigned John Smith as the coach to oversee the chess activities at the school. Smith's nephew attended Franklin Elementary and he was interested in serving at that specific school. Appellees did not have a written contract with Smith or pay him any compensation. Appellees did not conduct a criminal background check on Smith. It was subsequently learned Smith had spent two years in prison for convictions of sex offenses against small children.
 {¶ 3} In September, 2001, the Child Sex Crimes Unit of the Massillon Police Department received information regarding Smith, which lead to an investigation. The information obtained by the Massillon Police Department ultimately lead to the conviction and sentence of John Smith. *Page 3 
 {¶ 4} On September 30, 2005, Appellants, on behalf of their children, filed a Complaint in the Stark County Court of Common Pleas, naming Appellees Massillon School District and Massillon Board of Education as defendants. In the Complaint, Appellants alleged their two children, who were students at Franklin Elementary School, which is operated by Appellees, were repeatedly molested by John Smith, who taught the children chess at the after school chess class.
 {¶ 5} In their Complaint, Appellants asserted claims of negligence as a result of Appellees' failure to investigate, evaluate and/or screen Smith's background; negligent retention as a result of Appellees' failure to act upon complaints received about Smith; and willful and wanton misconduct due to Appellees' lack of institutional control over Smith's activities. The trial court filed a protective order on October 31, 2005, in order to protect the identity of Appellants' minor children.
 {¶ 6} Appellants filed a motion for summary judgment, arguing Smith was an employee of Appellees and the "chess club" was a school sponsored activity. Appellees filed a motion for summary judgment, asserting immunity from liability under R.C. Chapter 2744. The trial court granted summary judgment in favor of Appellees, finding Appellees were immune from liability and none of the exceptions to immunity contained in R.C.2744.02(B) operated to except Appellees from that general immunity.
 {¶ 7} It is from the July 26, 2006 Judgment Entry Appellants appeal, raising the following assignments of error:
 {¶ 8} "I. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT TO APPELLEES UNDER FORMER R.C. 2744.02(B)(4). *Page 4 
 {¶ 9} "II. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT TO APPELLEES IN LIGHT OF TOLES V. REGIONAL EMERGENCY DISPATCH CENTER, 2003 OHIO 1190, 2003 OHIO APP. LEXIS 1131 (OHIO CT. APP., STARK COUNTY, MAR. 10, 2003).
 {¶ 10} "III. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT TO APPELLEES IN CONCLUDING THAT APPELLEES' CONDUCT DID NOT CONSTITUTE WANTON OR RECKLESS MISCONDUCT AS A MATTER OF LAW, ON THE STATE OF THE RECORD BEFORE IT."
 STANDARD OF REVIEW {¶ 11} Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party, Inc. (1987),30 Ohio St.3d 35, 36, 506 N.E.2d 212.
 {¶ 12} Civ.R. 56(C) states, in pertinent part:
 {¶ 13} "Summary Judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law * * * A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor." *Page 5 
 {¶ 14} Pursuant to the above rule, a trial court may not enter a summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall (1997),77 Ohio St.3d 421, 429, 674 N.E.2d 1164, citing Dresher v. Burt (1996),75 Ohio St.3d 280, 662 N.E.2d 264.
 {¶ 15} It is based upon this standard we review Appellants' assignments of error.
 I, II {¶ 16} Because Appellants' first and second assignments of error involve a similar analysis, we shall address said assignments of error together. In their first assignment of error, Appellants maintain the trial court erred in granting summary judgment to Appellees under former R.C. 2744.02(B)(4). In their second assignment of error, Appellants submit the trial court erred in granting summary judgment to Appellees in light of this Court's opinion in Toles v. Regional Emergency DispatchCenter, Stark App. No. 2002CA00332, 2003-Ohio-1190.
 {¶ 17} The Political Subdivision Tort Liability Act, as codified in R.C. Chapter 2744, requires a three-tiered analysis to determine whether a political subdivision should be allocated immunity from civil liability." Hubbard v. Canton Bd. of Edn., *Page 6 97 Ohio St.3d 451, 2002-Ohio-6718, ¶ 10, citing Cater v. Cleveland,83 Ohio St.3d 24, 28, 1998-Ohio-421. "Under the first tier, R.C. 2744.02(A) grants broad immunity to political subdivisions. If immunity is established under R.C. 2744.02(A), such immunity is not absolute, however. Under the second tier of the analysis, one of five exceptions set forth in R.C. 2744.02(B) may serve to lift the blanket of general immunity. Our analysis does not stop here, because under the third tier of the analysis, immunity may be `revived' if the political subdivision can demonstrate the applicability of one of the defenses found in R.C.2744.03(A)(1) through (5). Ziegler v. Mahoning Cty. Sheriff's Dept. (2000), 137 Ohio App.3d 831." Summers v. Slivinsky,141 Ohio App.3d 82, 86-87, 2001-Ohio-3169 (overruled on other grounds, Allied Erecting Dismantling Co., Inc. v. Youngstown, 151 Ohio App.3d 16,2002-Ohio-5179).
 {¶ 18} It is undisputed Appellees qualify for the general immunity granted to political subdivisions. Hubbard, supra at ¶ 11. "R.C.2744.01(F) declares public school districts to be political subdivisions and R.C. 2744.01(C)(2)(c) states that the provision of a system of public education is a governmental function." Id.
 {¶ 19} We must next determine whether any of the exceptions to immunity provided in R.C. 2744.02(B)(1)-(5) apply. In so determining, we must look to the version of R.C. 2744.02(B) in effect at the time of the alleged activity occurred.[2] That version provided:
 {¶ 20} "(B) Subject to sections 2744.03 and 2744.05 of the Revised Code, a political subdivision is liable in damages in a civil action for injury, death, or loss to *Page 7 
persons or property allegedly caused by an act or omission of the political subdivision or of any of its employees in connection with a governmental or proprietary function, as follows:
 {¶ 21} "(1) Except as otherwise provided in this division, political subdivisions are liable for injury, death, or loss to persons or property caused by the negligent operation of any motor vehicle by their employees upon public roads, highways, or streets when the employees are engaged within the scope of their employment and authority * * *
 {¶ 22} "(2) Except as otherwise provided in sections 3746.24 of the Revised Code, political subdivisions are liable for injury, death, or loss to person or property caused by the negligent performance of acts by their employees with respect to proprietary functions of the political subdivisions.
 {¶ 23} "(3) Except as otherwise provided in section 3746.24 of the Revised Code, political subdivisions are liable for injury, death, or loss to person or property caused by their failure to keep public roads, highways, streets, avenues, alleys, sidewalks, bridges, aqueducts, viaducts, or public grounds within the political subdivision open, in repair, and free from nuisance, except that it is a full defense to such liability, when a bridge within a municipal corporation is involved, that the municipal corporation does not have the responsibility for maintaining or inspecting the bridge.
 {¶ 24} "(4) Except as otherwise provided in section 3746.24 of the Revised Code, political subdivisions are liable for injury, death, or loss to persons or property that is caused by the negligence of their employees and that occurs within or on the grounds of buildings that are used in connection with the performance of a governmental function, including, but not limited to, office buildings and courthouses, but not including jails, *Page 8 
places of juvenile detention, workhouses, or any other detention facility, as defined in section 2921.01 of the Revised Code.
 {¶ 25} "(5) In addition to the circumstances described in divisions (B)(1) to (4) of this section, a political subdivision is liable for injury, death, or loss to persons or property when liability is expressly imposed upon the political subdivision by a section of the Revised Code, * * *" Former R.C. 2744.02.
 {¶ 26} The matter before us involves R.C. 2744.02(B)(4), which, as quoted above, grants an exemption from immunity for injuries resulting from the negligence of political subdivision employees occurring "within or on the grounds of buildings that are used in connection with the performance of a governmental function."
 {¶ 27} Appellants argue, although the injuries occurred off the premises, the negligence which lead to the injuries occurred within or on the grounds of buildings used in connection with the political subdivision; therefore, Appellees are exempt from the general grant of immunity. In support of their position, Appellants rely on this Court's opinion in Toles v. Regional Emergency Dispatch Center, supra. We find Appellants' reliance on Toles to be tenuous, at best.
 {¶ 28} In Toles, this Court reviewed the propriety of the trial court's grant of summary judgment in favor of a 911 dispatch center, whose employee-dispatcher failed to relay to the police a report of an assault. The majority reversed and remanded the matter to the trial court, explaining "the determination of the existence of wanton or willful misconduct under the facts of the case sub judice is a question for a jury as are facts supporting negligence only, if such term is applicable under facts found to warrant *Page 9 
the applicability of R.C. 2744.02(B)(4)." Id. at ¶ 85. The majority specifically stated the Court was not determining liability. Id.
 {¶ 29} We find the weight to be given to Toles is limited. The author herein concurred in judgment only. I did so because the only exception argued by the parties in Toles was subsection (B)(5) of R.C.2744.02. The parties never raised the applicability of subsection (B)(4) in their briefs before this Court or in the trial court. Judge Edwards dissented yet did agree the case should be reversed and remanded to consider the applicability of R.C. 2744.02(B)(4).[3]
 {¶ 30} Contrary to Appellants' assertion, the Toles Court did not hold the R.C. 2744.02(B)(4) exception to the general grant of immunity applies to situations where the negligence occurred on property used for a governmental function, but the injury occurred elsewhere. This Court reversed and remand for the determination of whether the facts "warrant applicability of R.C. 2744.02(B)(4)." Id. at ¶ 85. We do not readToles as a definitive holding the exception did apply.
 {¶ 31} Recently, in Sherwin Williams v. Dayton Freightlines,Inc., 112 Ohio St.3d 52, 2006-Ohio-6498, the Ohio Supreme Court provided guidance on the issue. The Sherwin-Williams Court addressed the question of whether under the former R.C. 2744.02(B)(3), a political subdivision is liable for injury, death or loss resulting from a nuisance which exists on a public grounds within the political subdivision, but where the injury, death, or loss caused thereby occurs outside the political subdivision. Id at paragraph 7. The Supreme Court began its analysis by determining whether former R.C. 2744.02(B)(3) was clear and unambiguous. The Court found the statute makes *Page 10 
one factor regarding the injury relevant, i.e. the injury be caused by the nuisance. Id. The SherwinWilliams Court noted the statute did not require the injury occur on the property of the political subdivision, but did however, require the nuisance arise on public property. Id.
 {¶ 32} In explaining its reasons for finding former R.C. 2744.02(B)(3) clear and unambiguous, the Supreme Court stated:
 {¶ 33} "Former R.C. 2744.02(B)(4) demonstrates that the General Assembly is perfectly capable of limiting the reach of a political subdivision's liability to injuries or losses that occur on property within the political subdivision; as this court held inHubbard, pursuant to former R.C. 2744.02(B)(4) political subdivisions were liable for employee negligence that occurred in public buildings or on their grounds. The General Assembly made no such attempt to limit to public areas the geographical reach of R.C. 2744.02(B)(3)." Id. at ¶ 17.
 {¶ 34} By so stating, the Sherwin Williams Court has clarified the issue before this Court. Under former Rule 1 of the Rules for Reporting Opinions, the language of paragraph 17 of Sherwin Williams would be dicta. However, under the new Rep. R.1, which became effective May 1, 2002, the law stated in a Supreme Court opinion is contained within its syllabus and its text, including footnotes. In other words, paragraph 17 is law. Accordingly, we hold the exception to general immunity under former R.C. 2744.02(B)(4) is limited to situations where the injury or loss occurred on the property of the political subdivision. It is undisputed the injuries herein occurred off the premises; therefore, we find no exception from the general immunity granted by the legislature to Appellees. *Page 11 
 {¶ 35} We find the trial court did not err in granting summary judgment to Appellees. Accordingly, Appellants' first and second assignments of error are overruled.
 III {¶ 36} In their final assignment of error, Appellants maintain the trial court erred in granting summary judgment to Appellees upon concluding Appellees' conduct did not constitute wanton or reckless misconduct.
 {¶ 37} In light of our disposition of Appellant's first and second assignment of error, we need not address this issue.
 {¶ 38} Appellants' third assignment of error is overruled.
 {¶ 39} The judgment of the Stark County Court of Common Pleas is affirmed.
By: Hoffman, J. Gwin, P.J., concur; Edwards, J. concurs separately.
[1] A full rendition of the facts relative to Appellants' position Appellees' conduct constituted wanton and reckless misconduct is unnecessary as our disposition of this appeal requires a purely legal analysis under R.C. 2744.02.
[2] The version of the immunity statute applicable is the law which was in effect at the time the alleged negligent acts occurred.Hubbard, supra, at ¶ 17.
[3] To that extent I believe Judge Edward's opinion would more appropriately be considered as concurring in part and dissenting in part. *Page 12