[Cite as *Brown Cty. Bd. of Health v. Raichyk*, 2013-Ohio-1727.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BROWN COUNTY

| | | |
|---|---|---|
| BROWN COUNTY BOARD OF HEALTH, | : | |
| Plaintiff-Appellee, | : | CASE NO. CA2012-06-011 |
| | : | O P I N I O N |
| - vs - | | 4/29/2013 |
| | : | |
| M.J. RAICHYK, et al., | : | |
| Defendants-Appellants. | : | |

CIVIL APPEAL FROM BROWN COUNTY COURT OF COMMON PLEAS
Case No. 2011-0094

Isaac, Brant, Ledman & Teetor LLP, Mark D. Landes, A.J. Hensel, 250 East Broad Street, Suite 900, Columbus, Ohio 43215 and Steven W. Purtell, 510 East State Street, Suite 2, Georgetown, Ohio 45121, for plaintiff-appellee

M.J. and Mya Lee Raichyk, 1563 Kress Road, Mt. Orab, Ohio 45154, defendants-appellants, pro se

**RINGLAND, J.**

{¶ 1} Defendants-appellants, M.J. Raichyk, PhD, and Mya Lee Raichyk, pro se, appeal the decision of the Brown County Court of Common Pleas awarding judgment to plaintiff-appellee, the Brown County Board of Health (the "Board") in a public health nuisance action.

{¶ 2} On March 25, 2011, the Board filed an amended complaint for preliminary and

permanent injunction to abate a nuisance. The amended complaint alleged that appellants are owners of real property located in Mt. Orab, Brown County, Ohio and that this property does not have an adequate sewage system in violation of R.C. Chapter 3718 and Ohio Adm. Codes 3701-29-02(B), (D), (F), and 3701-29-04(A). The amended complaint further alleged that appellants installed a non-compliant household sewage disposal system without the proper installation permit and that, although appellants have been notified of these violations by Steve Dicks, the Environmental Health Director of the Board, appellants have failed, neglected, and refused to remedy said violations, thereby causing a public health nuisance.

{¶ 3} On June 6, 2011, appellants filed a counterclaim against the Board as well as Dicks, although Dicks was never named a party to this action. The Board moved to dismiss the counterclaim on the basis of immunity—for itself as well as Dicks—and the trial court granted the motion on September 15, 2011. Thus, on January 19, 2012, a three-day bench trial was held on the public health nuisance claim alone.

{¶ 4} At trial, evidence revealed that appellants purchased the Mt. Orab property around 2000 and had a manufactured home placed on the property in 2005. In order to conserve water and other natural resources, appellants implemented an experimental sanitation system in their home.[1] As part of this sanitation system, appellants collect urine in jars for a number of days which is then used as fertilizer for house plants or deposited outside in the grass. Solid fecal matter is deposited into a bucket and then into compost bins outside appellants' home. Grey water is run outside the home into a gravel trench which eventually deposits the grey water into a pump station that discharges the grey water into a "frog pond" in front of appellants' home.

---

1. *See* Ecosan Services Foundation, *Training Material on Composting and Vermicomposting in the context of the Innovative Ecological Sanitation Network India.*
http://www.ecosanservices.org/pdf/CompostingTraining%20material.pdf.

{¶ 5} On May 30, 2012, the trial court found, by a preponderance of the evidence, that appellants' sanitation system constituted a public health nuisance. The trial court then permanently enjoined and restrained appellants from continuing to operate the "current non-compliant household sewage disposal system." Appellants were further enjoined and restrained from residing on the Mt. Orab property without a compliant household sewage disposal system that is approved by the Board and the Ohio Department of Health.

{¶ 6} From the trial court's decision, appellants appeal, raising two assignments of error.

{¶ 7} Assignment of Error No. 1:

{¶ 8} THE TRIAL COURT ERRED BY DECIDING—AGAINST BOTH THE LAW'S STATEMENT AND AGAINST THE EVIDENCE (REQUIRED BY LAW)—UNRIGHTEOUSLY (sic)—THAT THE SEWAGE SYSTEM IN [APPELLANTS'] PROJECT IS NOT APPROVABLE BY THE LAW AND THAT IT IS CAUSING A PUBLIC HEALTH NUISANCE.

{¶ 9} In their first assignment of error, appellants argue the trial court erred in finding in favor of the Board and against appellants. In effect, appellants contend that the trial court's ruling was against the manifest weight of the evidence.

{¶ 10} The "weight of the evidence concerns 'the inclination of the *greater amount of credible evidence*, offered in a trial, to support one side of the issue rather than the other.'" (Emphasis sic.) *Eastley v. Volkman*, 132 Ohio St.3d 328, 2012-Ohio-2179, ¶ 12, quoting *State v. Thompkins*, 78 Ohio St.3d 380, 387 (1997). In a manifest weight analysis, "the reviewing court weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether, in resolving conflicts in the evidence, the finder of fact clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed and a new trial ordered." *Schneble v. Stark*, 12th Dist. Nos. CA2011-06-063, CA2011-06-064, 2012-Ohio-3130, ¶ 67; *Thompkins* at 387.

{¶ 11} "A party asserting error in the trial court bears the burden to demonstrate error by reference to matters made part of the record in the court of appeals." *Bunnell Elec., Inc. v. Ameriwash*, 12th Dist. No. CA2004-01-009, 2005-Ohio-2502, ¶ 8, citing *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197 (1980). "App.R. 9(B) provides that if an appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the weight of the evidence, the appellant shall include in the record a transcript of *all evidence* relevant to the findings or conclusion." (Emphasis added). *Id.* Therefore, when an appellant claims that the trial court's judgment is against the weight of the evidence or unsupported by the evidence, that appellant must include in the record *all portions of the proceedings* during which such evidence may have been presented. *Id.*, *Hartt v. Munobe*, 67 Ohio St.3d 3, 7-8 (1993).

{¶ 12} In this case, only a partial transcript of the bench trial was requested and submitted by appellants. This is evident from the court reporter's acknowledgment that only "portions" of the transcript were ordered as well as appellants' "Memorandum For Production of Transcript Selections." The partial transcript includes (1) the opening statement of appellants, (2) portions of Dicks's cross-examination by appellants, (3) portions of the testimony of the Board's expert, Rebecca Fugitt, (4) portions of testimony from several of appellants' neighbors, and (5) portions of the testimony of Clermont County's industrial waste pretreatment manager, Ty Kevin Saunders.

{¶ 13} "If a partial record does not conclusively support the trial court's decision, it is presumed that the omitted portion provides the necessary support." *Id.* at ¶ 9, citing *Wozniak v. Wozniak*, 90 Ohio App.3d 400, 409 (9th Dist.1993); *Magdych v. Bush*, 11th Dist. No. 2000-T-0129, 2001 WL 1561681, *2 (Dec. 7, 2001). Absent a full trial transcript, this court has no choice but to presume the validity of the trial court's determinations and find appellants' first assignment of error not well-taken. *Bunnell* at ¶ 9, citing *Knapp* at 199; *Magdych* at *2.

{¶ 14} Accordingly, appellants' first assignment of error is overruled.

{¶ 15} Assignment of Error No. 2:

{¶ 16} THE TRIAL COURT ERRED BY ACCEPTING A LOGICALLY ERRONEOUS INTERPRETATION OF ORC 2744.01 ET SEQ. SUBMITTED BY [THE BOARD] IN ORDER TO DECIDE THAT THE 'FREQUENTLY MIS-SPEAKING' [BOARD'S] MINION WAS IMMUNE FROM THE CONSEQUENCES OF HIS ACTIONS AND INSTEAD ALLOWING THAT MINION TO PRETEND TO BE A DECENT EXPERT ON THIS CASE.

{¶ 17} In their second assignment of error, appellants essentially argue the trial court erred in dismissing appellants' tort counterclaims on the basis of immunity. Specifically, appellants contend that the Board and its employee, Dicks, were not immune from suit in this case. The Board counters that it, and its employees, are immune from appellants' counterclaims pursuant to R.C. Chapter 2744.

{¶ 18} Civ.R. 12(B)(6) authorizes the dismissal of a complaint or counterclaim if it fails to state a claim upon which relief can be granted. *Marchetti v. Blankenburg*, 12th Dist. No. CA2010-09-232, 2011-Ohio-2212, ¶ 9. "In order to prevail on a Civ.R. 12(B)(6) motion, 'it must appear beyond doubt from the [counterclaim] that the [complainant] can prove no set of facts entitling relief.'" *Id.*, quoting *DeMell v. The Cleveland Clinic Found.*, 8th Dist. No. 88505, 2007-Ohio-2924, ¶ 7. In construing a counterclaim upon a Civ.R. 12(B)(6) motion to dismiss, the trial court must presume the truth of all factual allegations of the counterclaim and make all reasonable inferences in favor of the nonmoving party. *BAC Home Loans Servicing, L.P. v. Kolenich*, 194 Ohio App.3d 777, 2011-Ohio-3345, ¶ 34 (12th Dist.); *York v. Ohio State Hwy. Patrol*, 60 Ohio St.3d 143, 144 (1991).

{¶ 19} "A trial court's order granting a motion to dismiss pursuant to Civ.R. 12(B)(6) is subject to a de novo review on appeal." *Id.*, at ¶ 35; *Sparks v. Bowling*, 12th Dist. No. CA2009-02-065, 2009-Ohio-5071, ¶ 10. An appellate court must independently review the

counterclaim to determine whether dismissal was appropriate. *Id.* at ¶ 35.

**{¶ 20}** The Ohio Supreme Court has set forth a three-tiered analysis for determining whether a political subdivision is immune from liability. *Cater v. Cleveland*, 83 Ohio St.3d 24, 28, 1998-Ohio-421; *Golden v. Milford Exempted Village School Bd. of Edn.*, 12th Dist. No. CA2008-10-097, 2009-Ohio-3418, ¶ 10. "Under the first tier, a political subdivision is granted broad immunity for any injury arising out of its actions." *Golden* at ¶ 10, citing R.C. 2744.02(A)(1).[2] However, this immunity afforded to the political subdivision is not absolute, but instead is subject to five exceptions under R.C. 2744.02(B). *Id.* Thus, the second tier of the analysis focuses on the exceptions to immunity set forth in R.C. 2744.02(B). *Id.* Finally, "in the third tier of the analysis, if an exception exists, immunity can be reinstated if the political subdivision can successfully argue that one of the defenses in R.C. 2744.03(A) applies." *Id.*

**{¶ 21}** The parties do not dispute that a board of public health is a political subdivision pursuant to R.C. 2744.01(C)(1)(c) and R.C. 2744.01(C)(2)(l). Therefore, the Board is immune from liability under R.C. 2744.02(A)(1) unless one of the five exceptions under R.C. 2744.02(B) applies. Here, appellants assert that R.C. 2744.02(B)(5) applies as an exception to the Board's immunity. R.C. 2744.02(B)(5) provides that a political subdivision is liable for loss to a person or property "when civil liability is expressly imposed upon the political subdivision by a section of the Revised Code." Appellants' cite R.C. 2744.03 as that portion of the Revised Code which imposes liability upon the Board and its employees.

---

2. R.C. 2744.02(A)(1) provides:

> For the purposes of this chapter, the functions of political subdivisions are hereby classified as governmental functions and proprietary functions. Except as provided in division (B) of this section, a political subdivision is not liable in damages in a civil action for injury, death, or loss to person or property allegedly caused by any act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function.

{¶ 22} However, appellants have misread the applicable statutes. "It is well-settled in Ohio that R.C. 2744.03 merely provides defenses to liability in the event that an exception to immunity under R.C. 2744.02(B) applies." (Internal quotations omitted.) *Golden* at ¶ 12, citing *Ziegler v. Mahoning Cty. Sheriff's Dept.*, 137 Ohio App.3d 831, 836 (7th Dist.2000). "The defenses found in R.C. 2744.03 do not come into play until *after* it is proven that a specific exception to general immunity applies under R.C. 2744.02(B)." (Emphasis added.) *Id.* An individual suing a political subdivision "must first establish an exception to immunity under R.C. 2744.02(B)." *Id.* "In other words, 'R.C. 2744.03 is the third tier. Before it is ever reached, R.C. 2744.02(A) and (B), in that order, must be gone through.'" *Id.*, quoting *Davis v. Malvern*, 7th Dist. No. 05 CA 829, 2006-Ohio-7061, ¶ 30.

{¶ 23} We can find no support, and appellants offer none, for the contention that R.C. 2744.03 may be the exception to avoid a political subdivision's general immunity. Rather, R.C. 2744.03 lists seven ways in which immunity may be reinstated *after* it is determined that an exception under R.C. 2744.02(B) applies to revoke a political subdivision's general immunity. As such, appellants have failed to demonstrate that the Board and its employees are not entitled to the broad immunity given by R.C. 2744.02(A)(1). Consequently, the Board and its employees are immune, without exception, from the counterclaims presented by appellants.

{¶ 24} Accordingly, appellants' second assignment of error is overruled.

{¶ 25} Judgment affirmed.

HENDRICKSON, P.J., and S. POWELL, J., concur.