OPINION
{¶ 1} On December 15, 2000, appellant, James Carver, filed a complaint in the Federal District Court, Northern District of Ohio, Eastern Division, against appellees, Richland County Sheriff's Deputies Robert Mack and J.S. McBride, Richland County Sheriff James Stierhoff, Richland County Prosecutor James Mayer, Jr. and Richland County. Appellant alleged federal and state claims, claiming he was wrongfully investigated, arrested and charged with aggravated burglary. Appellant's claims included false arrest, malicious prosecution, intentional infliction of emotional distress, defamation and invasion of privacy. On June 19, 2003, the District Court granted summary judgment to appellees on appellant's federal claims, and dismissed appellant's state claims without prejudice. On November 24, 2004, the U.S. Court of Appeals for the Sixth Circuit affirmed the District Court's decision.
 {¶ 2} On December 27, 2004, appellant filed a complaint in the Court of Common Pleas of Richland County, Ohio, re-asserting his state claims. On January 31, 2005, appellees filed a motion for judgment on the pleadings pursuant to Civ.R. 12(C). By order filed May 6, 2005, the trial court granted the motion based on the doctrine of issue preclusion and dismissed appellant's complaint.
 {¶ 3} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 4} "THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY GRANTING APPELLEES' MOTION FOR JUDGMENT ON THE PLEADINGS."
 I {¶ 5} Appellant claims the trial court erred in granting appellees' motion for judgment on the pleadings pursuant to Civ.R.12(C). We agree.
 {¶ 6} Civ.R. 12(C) states, "After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings."
 {¶ 7} In Estate of Heath v. Grange Mutual Casualty Company,
Delaware App. No. 02CAE05023, 2002-Ohio-5494, this court succinctly stated the standard of review as follows:
 {¶ 8} "The standard of review of the grant of a Motion for Judgment on the Pleadings is the same as the standard of review for a Civ. R. 12(B)(6) Motion. As the reviewing court, our review of a dismissal of a complaint based upon a judgment on the pleadings requires us to independently review the complaint and determine if the dismissal was appropriate. Rich v. Erie CountyDepartment of Human Resources (1995), 106 Ohio App.3d 88, 91,665 N.E.2d 278. Judgment on the pleadings may be granted where no material factual issue exists. However, it is axiomatic that a motion for judgment on the pleadings is restricted solely to the allegations contained in those pleadings. Flanagan v. Williams
(1993), 87 Ohio App.3d 768, 623 N.E.2d 185. See, also, Nelson v.Pleasant (1991), 73 Ohio App.3d 479, 481, 597 N.E.2d 1137;Barilatz v. Luke (Dec. 7, 1995), Cuyahoga App. No. 68304, unreported, 1995 WL 723294.
 {¶ 9} "A reviewing court need not defer to the trial court's decision in such cases. Id. A Motion for a Judgment on the Pleadings, pursuant to Civ. R. 12(C), presents only questions of law. Peterson v. Teodosia (1973), 34 Ohio St.2d 161, 165-166,297 N.E.2d 113. The determination of a motion under Civ. R. 12(C) is restricted solely to the allegations in the pleadings and the nonmoving party is entitled to have all material allegations in the complaint, with all reasonable inferences to be drawn therefrom, construed in her favor. Id."
 {¶ 10} Appellees' motion for judgment on the pleadings was based upon the statue of limitations and the doctrine of collateral estoppel because of the prior federal decisions from the District Court and the Court of Appeals.
 {¶ 11} Both appellant's complaint and appellees' answer referenced the rulings of the U.S. District Court and the U.S. Court of Appeals as follows:
 {¶ 12} "8. Plaintiff originally filed an action, combining his Federal and State claims, in the Federal District Court, Northern District of Ohio, Eastern Division, under Case No. 1:00 CV 3120, on December 15, 2000.
 {¶ 13} "9. On June 19, 2003, the District Court granted summary judgment to all Defendants on Plaintiff's federal questions, and dismissed all claims without prejudice.
 {¶ 14} "10. On July 17, 2003, Plaintiff timely appealed the District Court's order.
 {¶ 15} "11. On November 24, 2004, the U.S. Court of Appeals for the Sixth Circuit issued its mandate pursuant to that Court's decision affirming the District Court's Decision.
 {¶ 16} "* * *
 {¶ 17} "8. Defendants admit Paragraph 8.
 {¶ 18} "9. Defendants admit that the District Court granted summary to all Defendants on federal claims in Case No. 1:00 CV 3120, and dismissed the Plaintiff's state law claims without prejudice. All remaining allegation in Paragraph 9 are denied.
 {¶ 19} "10. Defendants admit that the Plaintiff filed a Notice of Appeal on July 17, 2003. All remaining allegations in Paragraph 10 are denied.
 {¶ 20} "11. Defendants admit that on October 5, 2004, the Sixth Circuit Court of Appeals affirmed the decision of the District Court, in Court of Appeals Case No. 03-4019. Defendants further admit that a `mandate' was filed on November 29, 2004, which was signed by an unknown Deputy Clerk for the Sixth Circuit Clerk of Court. All remaining allegations in Paragraph 11 are denied."
 {¶ 21} No other statements as to the issues ruled upon by the District Court and affirmed by the Court of Appeals are contained within the four corners of the complaint and answer. Appellant's state claims were dismissed without prejudice. We conclude the trial court was premature in basing the dismissal on the doctrines of collateral estoppel and issue preclusion given the bare pleadings.
 {¶ 22} Appellees' motion also claimed the statue of limitations had expired. From the pleadings, the termination of the criminal case in question was on August 23, 1999 and appellant was incarcerated from January 1999 to February 1999. Appellant lost his employment as a result on January 14, 1999. The federal case was initiated within the statue of limitations on December 15, 2000. The state claims were dismissed without prejudice on June 19, 2003. Appellant appealed the decision on the federal claims to the Court of Appeals and on November 24, 2004, the court affirmed the District Court's decision. Appellant filed the case sub judice on December 27, 2004.
 {¶ 23} Both parties argue Ohio's savings statute, R.C.2305.19, applies:
 {¶ 24} "In any action that is commenced or attempted to be commenced, if in due time a judgment for the plaintiff is reversed or if the plaintiff fails otherwise than upon the merits, the plaintiff or, if the plaintiff dies and the cause of action survives, the plaintiff's representative may commence a new action within one year after the date of the reversal of the judgment or the plaintiff's failure otherwise than upon the merits or within the period of the original applicable statute of limitations, whichever occurs later. This division applies to any claim asserted in any pleading by a defendant."
 {¶ 25} Appellant argues the one year begins to run at the final mandate of the Court of Appeals, November 24, 2004. Appellees argue the one year begins at the termination of appellant's case by the District Court on June 19, 2003, or appellant's pursuance of his federal claims to the abandonment of his state claims on July 17, 2003, as is noted in his proof of claims and brief to the U.S. Court of Appeals (neither of which are within the four corners of the pleadings).
 {¶ 26} Based upon our decision in J.P. Greene, Administratorof the Estate of Peggy Greene v. Michael Hawkins, M.D. (December 10, 1993), Muskingum App. No. CA 93-27, we agree with appellant and find the date the savings statute commenced was at the time of the affirmance by the Court of Appeal of the District Court's decision, November 24, 2004:
 {¶ 27} "We find the appellate court's pronouncement inColello v. Bates (1950), 88 Ohio App. 313, supportive of our analysis. Therein the court held:
 {¶ 28} "`Under the provisions of [the saving statute], if a party's action fails otherwise than upon the merits by reason of a judgment of a court of appeals, and the time limit for the commencement of such action has expired prior to the date on which the court of appeals rendered its decisions, such party may commence a new action within one year after the date of the court of appeals decision.'"
 {¶ 29} We therefore find appellant's action should not be dismissed for violating R.C. 2305.19. We further find pursuant to Civ.R. 12(C), the trial court's decision based upon the judgment entries of the District Court and the Court of Appeals was premature in that the issues were beyond the four corners of the complaint and answer and were more appropriate for review under summary judgment.
 {¶ 30} Upon review, we find the trial court erred in granting appellees' motion for judgment on the pleadings.
 {¶ 31} The sole assignment of error is granted.
 {¶ 32} The judgment of the Court of Common Pleas of Richland County, Ohio is hereby reversed and remanded.
Farmer, J. Hoffman, P.J. and Boggins, J. concur.
 JUDGMENT
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Richland County, Ohio is reversed and the matter is remanded to said court for further proceedings consistent with this opinion.