OPINION
{¶ 1} David D. Palmer appeals from a judgment of the Montgomery County Court of Common Pleas that dismissed his action against Dan Foley, Clerk of the Montgomery County Court of Common Pleas, on sovereign immunity grounds. This action arose out of Palmer's contention that the speedy trial waiver that he signed during his criminal prosecution, which had a handwritten notation "THIS DAY FORWARD," is missing from the record of that criminal proceeding and that the file contains a fraudulent copy of the waiver without that notation.
 {¶ 2} Palmer claims that the trial court's dismissal on sovereign immunity grounds was improper. We find that the trial court properly dismissed the action against the clerk of the common pleas court.
 {¶ 3} On March 31, 2003, Palmer filed this action against Foley in the Franklin County Court of Common Pleas. In his complaint, Palmer alleged that Foley had breached his duty to maintain official court records under R.C. 2303.14. He sought a declaration that the waiver with his endorsement was the only true copy of his waiver of his speedy trial rights in State v.Palmer, Montgomery Case No. 95-CR-1184, an injunction ordering a copy of that waiver to be placed in his criminal file, and monetary damages. Foley filed a motion to dismiss the action, asserting improper venue, lack of personal and subject matter jurisdiction, and failure to state a claim upon which relief may be granted. On April 22, 2004, the court dismissed Palmer's action, finding that venue was not proper in Franklin County and that it lacked jurisdiction to grant the relief requested, which it construed to be vacation of Palmer's conviction. The court further found that his claims were barred by res judicata.
 {¶ 4} Palmer appealed the dismissal of his action to the Tenth District Court of Appeals. The appellate court reversed, reasoning that once the trial court had concluded that venue was improper, it should have transferred the case to the Montgomery County Court of Common Pleas. On January 26, 2005, the Franklin County Court of Common Pleas transferred the action to the Montgomery County Court of Common Pleas.
 {¶ 5} After the transfer, the court provided the parties two weeks to file supplemental briefs on the motion to dismiss. Palmer requested that counsel be appointed for him, and he asked the court to examine his documentary evidence in accordance with Evid.R. 1003, 1004, and 1005.
 {¶ 6} On May 31, 2005, Foley filed an answer and a motion for judgment on the pleadings. In his motion, Foley asserted that he had established in a recent mandamus action that no waiver with the "THIS DAY FORWARD" notation existed in Palmer's criminal case file, citing State ex rel Palmer v. Foley (Mar. 21, 2005), Montgomery App. No. 20437. Foley further argued that he was immune from liability for acts taken in connection with the governmental function of filing and maintaining court papers and records, pursuant to R.C. Chapter 2744. On July 20, 2005, the trial court overruled several pending motions filed by Palmer and sustained Foley's motion to dismiss on that ground that he was immune from liability. Palmer appeals from this judgment.
 {¶ 7} Although inartfully drafted, Palmer raises three assignments of error on appeal. First, he claims that the trial court incorrectly determined that Foley was immune from liability. Second, he claims that the trial court erred in failing to examine his copy of the waiver with the handwritten notation. Third, Palmer asserts that the trial court erred in failing to "see through this fraud." As discussed below, Palmer's arguments lack merit.
 {¶ 8} The Political Subdivision Tort Liability Act, R.C. Chapter 2744, governs when political subdivisions and their employees are immune from tort liability. Under R.C.2744.03(A)(6), the general rule is that employees of a political subdivision are immune from liability. That immunity is subject to three exceptions, to wit:
 {¶ 9} "(a) The employee's acts or omissions were manifestly outside the scope of the employee's employment or official responsibilities;
 {¶ 10} "(b) The employee's acts or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner;
 {¶ 11} "(c) Civil liability is expressly imposed upon the employee by a section of the Revised Code."[1]
 {¶ 12} Palmer asserts that R.C. 2303.14 and R.C. 2921.45
impose liability upon Foley and, thus, he is subject to liability under R.C. 2744.03(A)(6)(c). R.C. 2303.14 sets forth the duties of the clerk of the court of common pleas, as follows: "The clerk of the court of common pleas shall keep the journals, records, books, and papers appertaining to the court and record its proceedings." Although R.C. 2303.14 imposes a duty upon the clerk of the common pleas court, it does not expressly impose civil liability upon the clerk for a breach of that duty. Accordingly, R.C. 2303.14 cannot provide a basis for civil liability under R.C. 2744.03(A)(6)(c).
 {¶ 13} As for R.C. 2921.45, that statute provides:
 {¶ 14} "(A) No public servant, under color of his office, employment, or authority, shall knowingly deprive, or conspire or attempt to deprive any person of a constitutional or statutory right.
 {¶ 15} "(B) Whoever violates this section is guilty of interfering with civil rights, a misdemeanor of the first degree."
 {¶ 16} As noted by Foley, although Palmer has repeatedly asserted that the fraudulent waiver has resulted in a violation of his constitutional rights, Palmer did not assert a claim for violation of R.C. 2921.45 in his complaint. However, even if such a claim had been asserted, it likewise cannot provide an exception to immunity under R.C. 2744.03(A)(6)(c). As stated above, the Political Subdivision Tort Liability Act is concerned with civil liability, not criminal liability. Moreover, R.C. 27443.03(A)(6)(c) specifically requires that civil liability be expressly imposed by the statute. R.C. 2921.45 imposes criminal liability for knowing deprivations of constitutional or statutory rights. Accordingly, Foley's immunity for tort claims is not removed by any alleged violation of R.C. 2921.45.
 {¶ 17} Palmer also cites to R.C. 3746.24. That statute concerns immunity from tort liability related to contaminated property, and it is inapplicable to the present circumstances.
 {¶ 18} Because Palmer has failed to provide a basis for concluding that Foley is not entitled to immunity under R.C.2744.03(A)(6), the trial court did not err in dismissing Palmer's actions against Foley on immunity grounds.
 {¶ 19} In his second assignment of error, Palmer claims that the trial court erred in failing to examine his copy of the waiver with the endorsement "THIS DAY FORWARD." In his third assignment of error, Palmer asserts that the court should have investigated the alleged fraud. Because Foley is immune from liability and the action against him was properly dismissed, the trial court did not err in failing to examine the documents or to take other actions as requested by Palmer.
 {¶ 20} We recognize Palmer's fervent belief that a review of the document would have revealed that the original waiver signed on December 13, 1995, had been replaced with a copy that did not include his written endorsement — an act that he alleges constituted fraud. However, the evidentiary rules do not permit the court to conduct pre-trial reviews of the evidence in the absence of a proper motion under the rules of civil procedure, such as a motion for summary judgment. Moreover, the trial court is not authorized to conduct independent investigations in the manner that Palmer suggests. Finally, we note that this action, even if it were viable, would not be the proper vehicle for seeking to vacate his conviction.
 {¶ 21} The second and third assignments are overruled.
 {¶ 22} The judgment of the trial court is affirmed.
Brogan, J. and Donovan, J., concur.
(Hon. Sumner E. Walters retired from the Third District Court of Appeals sitting by assignment of the Chief Justice of the Supreme Court of Ohio).
[1] R.C. 2744.03(A)(6)(c) now further provides: "Civil liability shall not be construed to exist under another section of the Revised Code merely because that section imposes a responsibility or mandatory duty upon an employee, because that section provides for a criminal penalty, because of a general authorization in that section that an employee may sue and be sued, or because the section uses the term `shall' in a provision pertaining to an employee." This sentence was added in 2002.