OPINION *Page 2 
{¶ 1} Plaintiff-appellant Sandra Doolittle appeals from the decision of the Mahoning County Common Pleas Court granting judgment on the pleadings for defendant-appellee Mahoning County District Board of Health (referred to as Board of Health). The basis for granting the Board of Health's motion for judgment on the pleadings was sovereign immunity. The issue in this case is whether the trial court erred when it determined that the Board of Health was immune from liability on the basis of sovereign immunity as it is enumerated in R.C. Chapter 2744. For the reasons stated below, the judgment of the trial court is hereby affirmed.
 STATEMENT OF THE CASE {¶ 2} In December 2003, appellant entered into a purchase agreement for the sale of real estate located in Austintown, Ohio, with defendant Shook. Defendant Coldwell Banker First Place Real Estate was acting on behalf of defendant Shook in the sale of the real estate. Prior to the sale, appellee Board of Health reviewed and inspected the sewer/septic system at the real estate. It determined that the system was functional and free from any leaks, backups or other problems.
 {¶ 3} Following the purchase of the real estate, Doolittle had problems with the sewer/septic system. These problems caused monetary damage to Doolittle.
 {¶ 4} On December 17, 2004, Doolittle filed a complaint against defendants Shook and Coldwell Banker First Place Real Estate and appellee Board of Health.[1] The fifth claim in the compliant alleged that the Board of Health negligently breached its duty to inspect. Doolittle further alleged that the board "negligently made representations to * * * [her that the] real estate had a functional sewer/septic system free from any leaks, backups, or other material problems."
 {¶ 5} The Board of Health answered the complaint claiming the affirmative defense of governmental immunity. Following the answer, the Board of Health filed a Motion for Judgment on the Pleadings. Doolittle then filed a motion in opposition. The trial court found that the Board of Health was immune from liability and thus, granted *Page 3 
the Board of Health's Motion for Judgment on the Pleadings. This timely appeal follows.
 ASSIGNMENT OF ERROR {¶ 6} "WHETHER THE TRIAL COURT ERRED IN SUSTAINING APPELLEE'S MOTION FOR JUDGMENT ON THE PLEADINGS, WHERE APPELLANT HAS COMPLIED WITH APPLICABLE LAW AND CAN PROVE FACTS ENTITLING HER TO THE RELIEF REQUESTED IN THE COMPLAINT."
 {¶ 7} Doolittle argues that the trial court erroneously determined that the Board of Health was immune from liability on the basis of R.C. Chapter 2744. As such, according to her, the trial court erred in granting the Board of Health's Motion for Judgment on the Pleadings.
 {¶ 8} Judgment on the pleadings may be granted where no material factual issue exists. However, it is axiomatic that a motion for judgment on the pleadings is restricted solely to the allegations contained in those pleadings. Carver v. Mack, 5th Dist. No. 2005CA0053,2006-Ohio-2840, ¶ 8, citing Flanagan v. Williams (1993),87 Ohio App.3d 768 (abrogated on other grounds).
 {¶ 9} We review the grant of a Motion for Judgment on the Pleadings under the same standard for review of a Civ.R. 12(B)(6) motion.Carver, 5th Dist. No. 2005CA0053, 2006-Ohio-2840, ¶ 8. Thus, our review of a dismissal of a complaint based upon a motion for judgment on the pleadings requires us to independently review the complaint and determine if the dismissal was appropriate. Id., citing Rich v. ErieCounty Department of Human Resources (1995), 106 Ohio App.3d 88, 91.
 {¶ 10} As stated above, the Motion for Judgment on the Pleadings was granted on the basis that political subdivision immunity as enumerated under R.C. Chapter 2744 was applicable. Typically, the determination as to whether a political subdivision is immune from suit is purely a question of law that is properly determined by a court prior to trial.Schaffer v. Board of Cty. Commrs. of Carroll Cty., Ohio (Dec. 7, 1998), 7th Dist. No. 672, citing Conely v. Shearer, 64 Ohio St.3d 284, 292,1992-Ohio-133.
 {¶ 11} "The Political Subdivision Tort Liability Act, as codified in R.C. Chapter 2744, requires a three-tiered analysis to determine whether a political subdivision should be allocated immunity from civil liability." Hubbard v. Canton Bd. of Edn., *Page 4 97 Ohio St.3d 451, 2002-Ohio-6718, ¶ 10, citing Cater v. Cleveland,83 Ohio St.3d 24, 28, 1998-Ohio-421. "Under the first tier, R.C. 2744.02(A) grants broad immunity to political subdivisions. If immunity is established under R.C. 2744.02(A), such immunity is not absolute, however. Under the second tier of the analysis, one of five exceptions set forth in R.C. 2744.02(B) may serve to lift the blanket of general immunity. Our analysis does not stop here, because under the third tier of the analysis, immunity may be `revived' if the political subdivision can demonstrate the applicability of one of the defenses found in R.C.2744.03(A)(1) through (5). Ziegler v. Mahoning Cty. Sheriff's Dept.
(2000), 137 Ohio App.3d 831. These third-tier defenses are relevant only in determining the immunity of a political subdivision where a plaintiff has shown that a specific exception to immunity under R.C. 2744.02(B) applies. Id." Summers v. Slivinsky, 141 Ohio App.3d 82, 86-87,2001-Ohio-3169 (overruled on other grounds), Allied Erecting Dismantling Co., Inc. v. Youngstown, 151 Ohio App.3d 16, 2002-Ohio-5179.
 {¶ 12} Under the first tier, Doolittle concedes that the Board of Health is a political subdivision pursuant to R.C. 2744.01(F) and thus, is entitled to the blanket immunity as set forth in R.C. 2744.02(A)(1). Doolittle is correct in this concession.
 {¶ 13} Thus, our analysis turns to the second tier of political subdivision immunity. As stated above, under this tier immunity will not dissipate unless one of the five exceptions listed in R.C. 2744.02(B) is applicable.
 {¶ 14} The first four exceptions under the statute are conceded by appellant to be non-applicable to the facts set forth in this appeal. Rather, she maintains that R.C. 2744.02(B)(5) imposes liability upon appellee. Moreover, she stipulated at oral argument that the version of said statutory provision that is applicable to this case is the current version that went into effect on April 9, 2003. This section reads as follows:
 {¶ 15} "(B) Subject to sections 2744.03 and 2744.05 of the Revised Code, a political subdivision is liable in damages in a civil action for injury, death, or loss to person or property allegedly caused by an act or omission of the political subdivision or of any of its employees in connection with a governmental or proprietary function, as follows:
 {¶ 16} "* * * *Page 5 
 {¶ 17} "(5) In addition to the circumstances described in divisions (B)(1) to (4) of this section, a political subdivision is liable for injury, death, or loss to person or property when civil liability isexpressly imposed upon the political subdivision by a section of the Revised Code, including, but not limited to, sections 2743.02 and5591.37 of the Revised Code. Civil liability shall not be construed to exist under another section of the Revised Code merely because that section imposes a responsibility or mandatory duty upon a political subdivision, because that section provides for a criminal penalty, because of a general authorization in that section that a political subdivision may sue and be sued, or because that section uses the term `shall' in a provision pertaining to a political subdivision." (Emphasis added).
 {¶ 18} This version specifies that the liability expressly imposed by a statute must be civil liability. Consequently, in order for the Board of Health to be liable, civil liability must be conferred by a section of the Revised Code.
 {¶ 19} Doolittle directs this court to R.C. 3709.22, Duties of board of city or general health district, Ohio Adm. Code 3701-29-02(D) and R.C. 3709.99, Penalties, to show that liability is expressed. Doolittle argues that reading these statutes and regulation together indicates that if the Board of Health fails to comply with them then it is subject to criminal liability.
 {¶ 20} Doolittle's argument is flawed. R.C. 2744.02(B)(5) specifically states that civil liability must be imposed by a statute in order for the veil of immunity to be lifted. The statute does not state criminal liability. The prior version of R.C. 2744.02(B)(5) had stated that liability must be imposed by a statute and had not specified whether the liability had to be civil or criminal in nature. See R.C. 2744.02(B)(5) (prior version). See, also, Campbell v. Burton, 92 Ohio St.3d 336,2001-Ohio-206 (discussing prior version of R.C. 2744.02(B)(5)). When that section of the statute was reviewed by the Ohio Supreme Court it held that the language of the statute meant either criminal or civil liability. Campbell, 92 Ohio St.3d 336, 2001-Ohio-206 (superseded by statutes, current version of R.C. 2744.02(B)(5)). The legislature then changed R.C. 2744.02(B)(5) to expressly state that it must be civil liability. Thus, as that is the version in effect at the time of this case, Doolittle's argument should be about civil liability, not criminal liability. *Page 6 
 {¶ 21} Regardless, we will review the statutes and Ohio Administrative Code section to determine whether civil liability is expressly imposed in any of them.
 {¶ 22} R.C. 3709.22, in pertinent part, states:
 {¶ 23} "Each board of health of a city or general health district shall study and record the prevalence of disease within its district and provide for the prompt diagnosis and control of communicable diseases. The board may also provide for the medical and dental supervision of school children, for the free treatment of cases of venereal diseases, for the inspection of schools, public institutions, jails, workhouses, children's homes, infirmaries, and county homes, and other charitable, benevolent, and correctional institutions. The board may also provide for the inspection of dairies, stores, restaurants, hotels, and other places where food is manufactured, handled, stored, sold, or offered for sale, and for the medical inspection of persons employed therein. The board may also provide for the inspection and abatement of nuisances dangerous to public health or comfort, and may take such steps as are necessary to protect the public health and to prevent disease."
 {¶ 24} R.C. 3709.99 states:
 {¶ 25} "(A) Whoever violates section 3709.20, 3709.21, or 3709.22 of the Revised Code or any order or regulation of the board of health of a city or general health district adopted in pursuance of those sections, or whoever interferes with the execution of an order or regulation of that nature by a member of the board or person authorized by the board, shall be fined not more than one hundred dollars or imprisoned not more than ninety days, or both. No person shall be imprisoned for the first offense, and the prosecution shall always be for a first offense unless the affidavit upon which the prosecution is instituted contains the allegation that the offense is a subsequent offense.
 {¶ 26} "(B) Except in case of an emergency endangering the public health caused by an epidemic, an infectious or a communicable disease, or a disaster emergency condition or event, no prosecution for a violation of any regulation or order adopted pursuant to section3709.20, 3709.21, or 3709.22 of the Revised Code shall take place until twenty days after the board of health of a city or general health district has notified the person subject to the regulation or order of the specific violation *Page 7 
alleged. Any person notified by the board of a violation of any regulation or order of that nature may file an action for declaratory judgment pursuant to Chapter 2721 of the Revised Code to have determined whether the regulation or order is unreasonable or unlawful. No prosecution of that nature shall be commenced when, within the twenty-day period described in this division, the violation has been corrected. No prosecution of that nature shall be commenced until a declaratory judgment of that nature has been given."
 {¶ 27} Ohio Adm. Code 3701-29-02 lists sewage disposal requirements. In section (A) it states that design, construction, installation, location, maintenance, and operation of household sewage disposal systems must comply with the rules that are listed in this section and with the Ohio Department of Health. Section (D) states that no household sewage disposal system shall create a nuisance.
 {¶ 28} Clearly, nothing in these sections expressly imposes civil liability on the Board of Health for failing to perform or negligently performing a duty. R.C. 3709.22 does indicate that the Board of Health shall study and record diseases within its district and provide for the prompt diagnosis and control of communicable diseases. Furthermore, the statute indicates other acts the Board of Health may do, such as medical and dental supervision for school children, inspect schools, correctional institutions, dairies, restaurants, provide for the inspection and abatement of nuisances dangerous to public health or comfort and take steps necessary to protect the health and prevent disease. Thus, duties are created by this statute. However, there is no expressly conferred civil liability for failure to perform those duties in the above statute. See Palmer v. Foley, 2d Dist. No. 21235,2006-Ohio-4013 (discussing that while a statute enumerates duties for a political subdivision that is not an expression of the intent to confer civil liability).
 {¶ 29} Likewise, Ohio Adm. Code 3701-29-02 also does not confer civil liability. It merely states that sewage systems must comply with certain requirements and must not create a public nuisance. This code section does not even clearly require any mandatory duty of the Board of Health, let alone impose civil liability for failure to perform a duty. *Page 8 
 {¶ 30} Lastly, R.C. 3709.99 is a criminal liability statute, not a civil liability statute. This statute imposes criminal liability on those who do not comply with the Board of Health's directives. Doolittle insists that this statute also imposes criminal liability on the Board of Health for failing to perform its duties. Even if we assume for the sake of argument that the aforementioned statute somehow conferred criminal liability on the Board of Health for failure to perform its duties, the alleged imposition of criminal liability does not help Doolittle's argument for the reason that R.C. 2744.02(B)(5) clearly indicates civil liability must be conferred, not criminal. Id. As the requisite civil liability is absent, R.C. 3709.99 does not operate to remove the immunity of this political subdivision as conferred upon it by R.C. 2744.02(A).
 {¶ 31} In conclusion, since the Board of Health's general immunity from liability has not been pierced by any statutory provision, judgment on the pleadings was appropriately granted by the trial court as a matter of law.
 {¶ 32} For the foregoing reasons, the judgment of the trial court is hereby affirmed.
Donofrio, J., concurs.
Waite, J., concurs.
[1] Neither Shook nor Coldwell Banker First Place Real Estate are parties to this appeal. Thus, the actions against them will not be discussed. *Page 1