[Cite as *Hardgrow v. Office of Atty. Gen.*, 2011-Ohio-4853.]



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

SIDNEY HARDGROW, SR.

     Plaintiff

     v.

OFFICE OF THE ATTORNEY GENERAL

     Defendant

Case No. 2010-07598

Judge Clark B. Weaver Sr.

<u>DECISION</u>

{¶1} On June 13, 2011, defendant filed a motion for summary judgment pursuant to Civ.R. 56(B). On June 15, 2011, plaintiff filed a response. The motion is now before the court for a non-oral hearing pursuant to L.C.C.R. 4(D).

{¶2} Civ.R. 56(C) states, in part, as follows:

{¶3} "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to

have the evidence or stipulation construed most strongly in the party's favor." See also *Gilbert v. Summit County*, 104 Ohio St.3d 660, 2004-Ohio-7108, citing *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317.

{¶4} On January 31, 2008, plaintiff's employment as a corrections officer at Richland Correctional Institution (RCI) was terminated. Plaintiff filed the instant claim alleging inappropriate conduct by RCI's counsel in Case No. 2008-07675, a claim that he had filed regarding his termination. In his complaint in this matter, plaintiff asserts both that defendant violated R.C. 2921.45 and the "constitution" by "interfering" with his civil rights and that it "obstructed justice" in violation of R.C. 2921.32.

{¶5} It has been consistently held that this court is without jurisdiction to consider claims for relief premised upon alleged violations of either the Ohio or United States Constitution. See, e.g., *Graham v. Board of Bar Examiners* (1994), 98 Ohio App.3d 620; *Jett v. Dallas Indep. School Dist.* (1989), 491 U.S. 701; *Burkey v. Southern Ohio Correctional Facility* (1988), 38 Ohio App.3d 170. Moreover, R.C. 2921.45, a criminal statute, does not provide for a civil remedy in this court. See *Palmer v. Foley*, Montgomery App. No. 21235, 2006-Ohio-4013. Accordingly, plaintiff's constitutional and civil rights claims shall be dismissed.

{¶6} Plaintiff also asserts that defendant communicated false information which resulted in intentional infliction of emotional distress. The entirety of plaintiff's complaint is based upon an e-mail from Assistant Attorney General Amy Brown, sent on December 15, 2009, regarding subpoenas that had been issued by plaintiff.

{¶7} To the extent that plaintiff's complaint sounds in tort, defendant is entitled to judgment as a matter of law based upon the doctrine of absolute judicial immunity.

{¶8} "An attorney is immune from liability to third persons arising from his performance as an attorney in good faith on behalf of, and with the knowledge of his client, unless such third person is in privity with the client or the attorney acts maliciously." *Scholler v. Scholler* (1984), 10 Ohio St.3d 98, paragraph one of the syllabus.

{¶9} In support of its motion, defendant filed the affidavit of Amy Brown. Brown avers, in relevant part, as follows:

{¶10} "3. I was counsel of record for the Richland Correctional Institution in a case filed by Sidney Hardgrow with the Ohio Court of Claims and identified as Case No. 2008-07675. A true and accurate copy of the Complaint in that matter is attached as Exhibit 1 to this affidavit.

{¶11} "4. On November 24, 2009, the Court issued subpoenas to C.O. Kenney, Mr. Scruggs and Lt. Melton at the request of Mr. Hardgrow. The subpoenas required C.O. Kenney, Mr. Scruggs and Lt. Melton to attend and give testimony at the December 21, 2009 trial in Case No. 2008-07675 at the Ohio Court of Claims in Columbus, Ohio and also require Mr. Scruggs' [sic] to produce incident reports of fights at Richland Correctional Institution between all staff on this date.

{¶12} "5. On November 24, 2009, I filed a motion to quash Mr. Scruggs, Lt. Melton and Officer Kenney's subpoenas arguing that those subpoenas were not properly served because Mr. Hardgrow failed to tender the required witness fees and mileage. A true and accurate copy of my motion to quash is attached as Exhibit 2 to this affidavit.

{¶13} "6. Thereafter, on December 14, 2009, Judge Clark issued his decision ruling that Mr. Scruggs, Lt. Melton and Officer Kenney's subpoenas were invalid because Mr. Hardgrow failed to tender the necessary witness fees and mileage. A true and accurate copy of that decision is attached as Exhibit 3 to this affidavit.

{¶14} "7. On December 15, 2009, I emailed Judge Clark's December 14, 2009 decision to my client. Mr. Hardgrow has attached a true and accurate copy of that email to his Complaint in Case No. 2010-07598. I have no personal knowledge regarding how Mr. Hardgrow obtained a copy of that email, which is protected by an attorney-client privilege.

{¶15} "8. Mr. Hardgrow voluntarily dismissed Case No. 2008-07675 without prejudice and refiled those claims as Case No. 2010-07512. I am counsel of record for the Richland Correctional Institution in Case No. 2010-07512 and that matter is currently pending before the Ohio Court of Claims. A true and accurate copy of the October 13, 2010 amended Complaint in Case No. 2010-07512 is attached as Exhibit 4 to this affidavit.

{¶16} "9. I was acting in the course and scope of my employment with the state of Ohio at all relevant times, including, but not limited to, my representation of the Richland Correctional Institution in Case Nos. 2008-07675 and 2010-07512 and, specifically, in sending the December 15, 2009 email to my client. I did not intend to cause serious emotional distress to Plaintiff Hardgrow, nor did I know or have any reason to believe that such distress would result from the email to my client. In fact, the email was privileged and I never expected that Plaintiff Hardgrow would ever see the email."

{¶17} Construing the evidence most strongly in plaintiff's favor, the court finds that Brown's actions of informing potential witnesses that the subpoenas served upon them were deficient cannot be reasonably construed as malicious conduct. Moreover, Brown's actions clearly arose from her performance as an attorney and plaintiff has brought forth no evidence to show that her actions were in bad faith. Therefore, the court finds that defendant is entitled to judgment as a matter of law on the totality of plaintiff's complaint. Accordingly, defendant's motion for summary judgment shall be granted and judgment shall be rendered in favor of defendant.



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

SIDNEY HARDGROW, SR.

    Plaintiff

    v.

OFFICE OF THE ATTORNEY GENERAL

    Defendant

Case No. 2010-07598

Judge Clark B. Weaver Sr.

<u>JUDGMENT ENTRY</u>

{¶18} A non-oral hearing was conducted in this case upon defendant's motion for summary judgment. For the reasons set forth in the decision filed concurrently herewith, defendant's motion for summary judgment is GRANTED and judgment is rendered in favor of defendant. Plaintiff's constitutional and civil rights claims are DISMISSED. Court costs are assessed against plaintiff. The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

_____
CLARK B. WEAVER SR.
Judge

cc:

Velda K. Hofacker
Assistant Attorney General
150 East Gay Street, 18th Floor
Columbus, Ohio 43215-3130

Sidney Hardgrow, Sr.
109 Washington Avenue
Mansfield, Ohio 44903

HTS/dms
Filed August 8, 2011
To S.C. reporter September 22, 2011